# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MONTE ALBERT,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:26-CV-00909-RP** |
| | § | |
| **CALSOFT INC. AND DOES 1-10,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Monte Albert's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Albert is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his  claims pursuant to 28 U.S.C. § 1915(e).

## I.      REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Albert's financial affidavit and determined Albert is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Albert's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving

1

security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Albert is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Albert's claim be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Albert has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Albert, who is of Pakistani national origin, brings a claim for discrimination under Title VII, alleging that he was interviewed for a job with the company Calsoft, Inc. ("Calsoft") but was not hired. Dkt. 1, at 2. Albert contends that Calsoft later denied that Albert was ever a candidate for the position and "continued to recruit and hire individuals for substantially similar roles." *Id.* Albert alleges that Calsoft's "contradictory statements" as to whether he was ever a candidate and efforts to "continue[] hiring for similar roles" give rise to an inference that Albert was not selected for the position based on his national origin. *Id.* Through this lawsuit, Albert seeks damages and an injunction mandating "transparency in hiring practices." *Id.* at 3.

A failure or refusal to hire an individual due to "race, color, religion, sex, or national origin" violates Title VII. 42 U.S.C. § 2000e-2(a)(1). To establish a claim for discriminatory failure to hire, Albert must show (1) he was in the protected class; (2) he applied for and was qualified for the position sought; (3) he was not selected; and (4) after rejection, another applicant outside the protected class was hired. *Scott-*

*Benson v. KBR, Inc.*, 826 F. App'x 364, 368 (5th Cir. 2020) (citations omitted). To state a discrimination claim under Title VII, a plaintiff need not establish a prima facie case of discrimination but must plead sufficient facts on all the ultimate elements of a discrimination claim to make the case plausible. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019).

Here, Albert pleaded that Calsoft "utilized multiple or successive requisitions for substantially similar roles during the relevant time period," but does not assert that another applicant outside of his protected class was hired instead of Albert. *See* Dkt. 1. Nor does he allege any "specific facts from which the Court could draw the reasonable inference" that "the individuals hired to fill the positions were outside his protected class." *See* Dkt. 1; *Omoyosi v. Tex. Health & Hum. Servs. Comm'n*, No. 4:20-CV-03315, 2021 WL 2689851, at *4 (S.D. Tex. June 14, 2021), *R. & R. adopted*, 2021 WL 2685631 (S.D. Tex. June 30, 2021); *see also Cotton v. Soc. Sec. Admin.*, No. CIV.A. H-12-428, 2012 WL 4356287, at *2 (S.D. Tex. Sept. 7, 2012), *R. & R. adopted*, 2012 WL 4356286 (S.D. Tex. Sept. 24, 2012) (recommending dismissal of Title VII discrimination claim where complaint did not "contain any facts from which the court can derive that someone outside of Plaintiff's protected class … was hired in his place"). Because Albert has failed to allege facts supporting an essential element of his failure-to-hire claim, the undersigned recommends the District Judge dismiss Albert's complaint.

### III.  ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Albert's Application to Proceed *In Forma Pauperis.* Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Albert's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.  FRIVOLOUS LITIGANT WARNING

Albert brought a previous lawsuit in this Court, which was dismissed under Section 1915 as frivolous. *See Albert v. U. S. Dep't of the Army et al*, 1:25-cv-1497-ADA. A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). As noted above, no pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 360.

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and

provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Accordingly, the undersigned **WARNS** Albert that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits if he continues to file frivolous claims and otherwise abuse his access to the judicial system.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 24, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

6